The next case on the calendar is U.S. Bank v. Bank of America. May it please the Court, Kali Mallon on behalf of the appellate. This case was properly filed in Indiana. Bank of America is subject to personal jurisdiction in Indiana and the courts below erred in finding otherwise. With regard to specific jurisdiction, the Supreme Court in Burger King said in a contract dispute like we have here, you look at the prior negotiations, the contemplated future consequences, and the terms of the contract. You don't limit your analysis to where the contract was negotiated and signed, which is what the courts below did and what Bank of America advocates here. You look at the prior negotiations. LaSalle originated the subject loan to an Indiana borrower. The loan is secured by property in Indiana. The deed that runs with the property is governed by Indiana law. The mortgage that LaSalle obtained, LaSalle recorded in Indiana. All of the loan documents, there's no dispute that Bank of America would be subject to jurisdiction in Indiana in connection with the loan documents. The subject of the contract here, the mortgage loan purchase agreement, is the sale of those loan documents. When LaSalle entered into the mortgage loan purchase agreement, it held the mortgage. It held the related loan documents. Those documents in the mortgage loan were subsequently assigned to, conveyed to my client, the trust. So mortgages, these are hundreds of mortgages around the country, am I understanding the transaction correctly, right? Yes, in 25 states, Your Honor. So would there be specific jurisdiction in all 25 of those states? There could be, yes. And in New York, because the MLPA was negotiated here. Yes. In regard to looking at the MLPA, first of all, there's no form selection clause in the MLPA. You look at the representations that LaSalle gave. The representations here all apply to the Indiana property, the mortgage, the Indiana borrower, and the deed that's at issue here. For example, in Rep. 25, LaSalle physically inspected the Indiana property. In Reps. 37 and 43, LaSalle represented that they originated the subject loaned in Indiana in accordance with applicable law. Relevant here, Representation 8, they represented that there was no restriction in the deed that materially and adversely affected the use of the property in Indiana or the value of the property in Indiana. And LaSalle agreed in the Mortgage Loan Purchase Agreement that in the event of a breach, they would repurchase the mortgage loan and thus reacquire the mortgage that covers the property in Indiana. LaSalle trans- The source of the plaintiff's claim, is that Representation 8? Yes, it is, Your Honor. And that's in the MLPA? Correct. And that's a New York document? Executed in New York? New York law applies? Yes, New York law applies to the MLPA. Bank of America submitted an affidavit indicating that the MLPA was negotiated and signed in New York. My client, the trust, is not a party to the MLPA. We acquired the mortgage from LaSalle via- The claim arises from the MLPA. That's correct. Which was negotiated, executed, drafted in New York, and as to which New York law applies. Yes, Your Honor. LaSalle assigned the mortgage to the trust, my client, through an assignment that LaSalle recorded in Indiana. With regard to future consequences, Representation 8 expressly contemplates future harm to the Indiana property. The representation says, no restriction materially and adversely interferes with the current use of the property, or materially and adversely affects the value of the mortgage property. We allege that the restriction has had a material and adverse effect on the value of the property. This case was decided on the affidavits and plaintiffs- The Indiana court determined that it lacked personal jurisdiction and transferred to New York. That's correct. And this is now an appeal from the denial of a motion for a re-transfer. So what law should we apply on this question? Should we look to Seventh Circuit law, which the Indiana court looked to in determining the scope of specific jurisdiction? Well, personal jurisdiction in Indiana extends to the full extent under the Due Process Clause. And so our position is that we're in the Second Circuit. The Second Circuit would apply its own law on that question, on the issue of whether there's personal jurisdiction in Indiana. Do you see any difference in this context of how far specific jurisdiction extends in the context of a contract claim to be different between the Seventh Circuit and Second Circuit? No, I don't. And I believe we cite to Wilson in the RAR case, which says you look at the economic substance of the contract, which is where the Supreme Court in Burger King said you look at all those factors. Just to follow through on the future consequences, we allege that the property has been materially and adversely affected. Bank of America denies liability here, claiming that there hasn't been a material and adverse effect on the Indiana property. They even claim that the deed is unenforceable under Indiana law. So I suppose that they're going to implead the St. Vincent's Hospital in this case, since that deed runs to St. Vincent's, and that's an Indiana corporation. Just briefly, and just also on the specific jurisdiction, the Indiana court found that Venny was proper in Indiana. The only way she found that Venny was proper is under 1391.2, which says that a judicial district in which a substantial part of the events or admissions giving rise to the claim occurred or a substantial part of the property that is the subject is situated. You can't reconcile that Venny is proper in Indiana in personal jurisdiction over Bank of America as not proper, given the nature of this case. You can't reconcile it. Bank of America has not appealed the Venny decision. Am I correct that the Indiana court, in transferring Venny to New York, was not acting to any degree on the basis of a discretionary matter, but solely the Indiana court's perception of entitlement to sue the defendant in Indiana? That's correct. She made a decision based on a legal conclusion that they were not subject to personal jurisdiction in Indiana. That's a legal conclusion subject to de novo review here today. With regard to general jurisdiction, just briefly, Bank of America is using that to form shop. I know this court has seen many cases that say that this is an exceptional case. We believe that this is an exceptional case. In addition to their business activity that they conduct in Indiana, which is pervasive, you have contacts that are not business activity. The fact that they own over 2,000 pieces of real estate in Indiana, perhaps the largest property owner in Indiana. The fact that they have freely accessed the Indiana courts between 2010 and the time this case was filed, 45 times. They say that they're committed to the people of Indiana. That makes them integrated with the state of Indiana. It's in addition to all of their business activity. And those contacts that I just identified have not been considered by the Supreme Court and have not considered, based on our research, by this court or even the Seventh Circuit. And so we believe that this is truly the exceptional case that warrants finding that Bank of America is also subject to general jurisdiction in Indiana. Thank you, Your Honors. Good morning, and may it please the Court. Elizabeth Pepez for Bank of America, N.A., defendant at Pele. With the Court's permission, I'd like to start by touching on something that I think relates to Judge LaValle's question and also your question, Judge Livingston, which is what are we reviewing here? This is an appeal from the district court's denial of a motion to re-transfer this case to Indiana. I know there's been some dispute in the briefs about what the standard of review is on that. What I wanted to clarify, and I think there's a piece of the Colt case from the U.S. Supreme Court that cuts through it very nicely, and then I can move on if you'd like, is in our brief we said the standard should simply be, when this court looks on appeal, whether the district court was correct in finding that the Indiana court's analysis of jurisdiction was plausible. And in Colt, on page 819, the U.S. Supreme Court acknowledged that although the appellate court is not bound by law of the case in the sense that a district court is, the U.S. Supreme Court said, quote, the end of the law of the case inquiry that applies in the trial court is to avoid ping-pong. It then said, quote, courts of appeals should achieve this end by adhering strictly to principles of law of the case. There are situations that might arise where the transferee courts feel the transferor court clearly erred, but law of the case is a heavy deterrent to vacillation on close questions. So under law of the case, if the transferee court can find plausible the Indiana court's analysis, the inquiry is at an end on appeal. That's Colt. U.S. Bank relies on our decision in Songbird for the proposition that if the transfer order is solely for the question of personal jurisdiction, we have plenary review in this court, even though the district court below is looking at it from a law of the case perspective. Do you disagree with that? I mean, it seems to me that was my read of Songbird, so help me understand if I'm misunderstanding it. I don't disagree. I actually think they're perfectly reconcilable. If you look at Colt 819 and Songbird plenary, it's plenary review of what? This court reviews as a plenary matter the district court's denial of retransfer. So this court looks with its own eyes at whether the district court was wrong in finding the Indiana court's analysis plausible, you know, or if the district court somehow missed a glaring error. And I think they're perfectly reconcilable. Colt at 819, this court's decision in Songbird, look with your own eyes. Did the district judge below miss a glaring error? Was he wrong in finding Indiana's analysis plausible? We don't think there's any basis to find that, so we think it's a clear affirm. With the court's permission, I'll move on briefly to the jurisdictional points. On waiver under this court's decision in Brown, we just don't think there's anything express that would open the door to that. So we don't think that's a viable basis here. General jurisdiction, again, I think, you know, the Bristol-Myers-Squibb case, Daimler-Goodyear, what I hear the other side making are sort of factual distinctions, but the gravamen of the inquiry is you have to have more than continuous and systematic contacts in the state. If you were to hold that what Bank of America does unrelated to this suit is enough for general jurisdiction, you would say then that they are amenable to suit in Indiana on literally any claim. And the same analysis would apply in virtually any other state. It would swallow the rule and the distinction between general and specific. We don't think there's any basis, and I didn't hear a precedent cited for holding that. So really it's down to specific jurisdiction. On that, I want to start by pointing the court to, I think, a principle that the U.S. Supreme Court articulated in Walden that's really important. They said the inquiry has to focus on the defendant's suit-related conduct and whether it creates substantial connections to the forum at issue. Here it's Indiana. And what the court admonished at 1125 of its opinion, it said, do not allow the plaintiff's contacts with the defendant and the forum to drive the jurisdictional analysis. I want to emphasize that point at 1125 of Walden because I feel like that's exactly what the plaintiff is asking the court to do here. It is distracting from the real issue. It is pointing to its own dealings with Bank of America in the securitization contract. And then it's pointing to issues in Indiana around the hospital and a third-party waiver and all of the – and its own doings there, whether it could get a waiver, what happened when it foreclosed. That's not the focus. Really, you have to focus on what Bank of America did here as the government of this suit. And the court's questions to my colleague, I think, focused on the right issue, which is this suit in this complaint arises out of the New York securitization contract. And that is extremely important because that contract provides a remedy that is different, separate, and apart from the remedies that they could get in Indiana state law. They actually did a foreclosure here in Indiana. No one stopped them. No one would contest that. What they're asking for in this lawsuit is a contractual remedy in the securitization agreement for us to repurchase this loan. We made that contract, but there are some strings around it. You have to bring it in a certain amount of time. You have to notify us. And if you don't do those things correctly, then you don't get that remedy. They have other remedies, like the foreclosure in state court and the like. But really, the government of this suit is the MPLA. That's what this case is about. And when you look at what Bank of America did, its contacts are in that regard and on that contract in New York. They are not in Indiana. So the district courts didn't miss this. They got it right. And I think this is another important point. I see a lot in the briefs about the origination of the loan in Indiana. Securitization is a breakpoint. It is a different animal legally from origination. And we see that. This is actually in the record here in the 12C filings in the Ace versus Deutsche Bank line of cases where this court is recognized, and that's a New York court decision saying when you're dealing with a cause of action on a securitized portfolio, including a breach of a representation exactly like we have here, when the representation is made, if it doesn't accord with something in the portfolio, the cause of action accrues at the time of the securitization here in 2007, and the statute runs from that point. So here they would have had until July of 2013 to bring this action under this contract if they wanted. They could have. This tenant defaulted in 2012. They filed the foreclosure in Indiana State Court in 2013. At that point, if they wanted to protect their rights, they could have asked us for a tolling under this contract, or as the Grinberg case in the Tenth Circuit points out, we cited in their brief, they could have filed a protective lawsuit. They didn't do it. They waited. And when they finally came to court because they didn't get the remedies they wanted in the state on the foreclosure and with the hospital on the waiver, they came and said, well, we'd like you to buy this now. We'd like you to repurchase it. Well, it was out of time. And so they went and formed shop to Indiana, and they tried to now bring in all of these contacts in Indiana that are not the grovement of this suit. So I really just want to impress, I think the court was on the right page, district courts too, this is a New York contract. The suit arises out of that contract. Our conduct that's relevant here to jurisdiction is all about the New York contract. And yes, there may be some ancillary events in Indiana that would have to be litigated. But this court said in Songbird, those may be but for causes of the lawsuit, but for doing business in Indiana. At some point, there wouldn't be a case here. Just like in Culco, but for the people getting married in California, there wouldn't have been a contract, but there was no specific jurisdiction in California. But for is not enough. Proximate arising out of the grovement of the suit, and if you look to the complaint here, it's the New York contract. I guess I'd just close by saying, I think if the court affirms, it's consistent not only with Colt, law of the case, Comity, also the jurisdictional precedence, and finally the securitization versus origination difference that this court has recognized in its own precedence and under New York law and age versus Deutsche Bank. You say the question for us is whether the whether the district court. Our district in our circuit was correct in ruling that the district court in Indiana was plausible in deciding that there was no jurisdiction, no personal jurisdiction over the defendant. Yes, Your Honor. That's called 819 and it reconciles with Songbird. You can review that as a plenary matter, but I think you'll find that that's the case and that should end the appeal. Thank you, Your Honor. Thank you. Just following up on the standard of review, I think counsel acknowledge that you can review it as plenary. Songbird says that you review it. It's a plenary review. Plenary review of what question? Of the legal conclusion of a lack of personal jurisdiction. That's entitled to de novo review. That's clear. She's arguing that plenary review means a plenary review of the appropriateness of the district court's exercise of law of the case doctrine and its decision. The Southern District of New York's decision and not de novo review of the Indiana court's personal jurisdiction ruling. That's not as I read Songbird. That's not what happened with the Second Circuit said and what they did actually in Songbird. I think the law is clear. Your position on the two positions that you and opposing counsel take on this question seems to me yours doesn't make very much sense. Because under your view, the district court decides under one standard and the court of appeals then reviews the district court under a completely different standard. If the district court made a decision not to re-transfer to Indiana because the district court says to itself, well, the Indiana court's ruling was wrong, but it wasn't so wrong that it wasn't plausible, then the district court in our circuit is supposed to keep the case. But then it goes up to our court in which we decide under a completely different standard and we say, no, the district court may have been right, but the Indiana court was wrong, and therefore we re-transfer it. It seems to me that's exactly what is sought to be avoided by this special invocation, special construction of law of the case in connection with successive decisions in different district courts after a transfer. Songbird says that this court is not bound by law of the case. It's not bound by law of the case. The district court below was constrained by law of the case principles, and so it didn't take a de novo review of the Indiana court's decision. This court, though, as Songbird says, is not required, not required, but should not apply law of the case to the decision of lack of personal jurisdiction. I agree with your reading of Songbird. Am I right in concluding that that would put us in a minority position in terms of how to deal with these transfer questions, that most other circuits appear to apply essentially abuse of discretion review? Well, my understanding of the cases are that they do take a de novo review of the legal – in this instance, it's not a transfer under 1404. It was a transfer for lack of personal jurisdiction, which is a legal conclusion. That's entitled to de novo review. We appealed not only the transfer decision but the judgment below. Everything comes up for review. That's entitled to de novo review, Your Honor. And just one last minute on the focus, again, on the mortgage loan purchase agreement. The Supreme Court says you don't just look at where the contract was negotiated and signed. Again, my client was not even a party to the mortgage loan purchase agreement, and we've alleged significantly that the future consequences are in Indiana. They are in Indiana with the property, the value of our collateral. The trust collateral is the Indiana property. That is what has been harmed as a result of Bank of America's breach of the reps and warranties. And on the waiver point, just briefly, it's a different waiver point. The statute that we raised below, Bank of America did not even have to register to do business in the state of Indiana. It was expressly exempt. It voluntarily chose to register. By volunteering to register, it sets this case apart from Brown and Wilson. There are no due process concerns. They were served with this case, the complaint, in Indiana through its resident agent there, and we believe that that also supports jurisdiction here. Thank you. Thank you both. We'll take it under submission. Very well argued, both sides. Thank you for an excellent argument on both sides. The last two cases are on submission, so I'll ask the clerk to adjourn court. Court is adjourned.